SHAW, Justice
(concurring in the result).
I concur in the result. I write specially to note the following.
The issue on appeal, as I see it, is whether the notice that the contractual agreement between the parties had been modified or amended was given by a method of notice agreed to by the parties. The fact that the modification or amendment involved an arbitration provision is not material to that analysis. Both Alabama law and federal law prohibit any special or different consideration be given to arbitration agreements as compared to any other contractual agreements. In other words, we cannot treat a modification of or an amendment to an agreement differently because it involves arbitration. In fact, we have specifically rejected the notion that some sort of special notice must be given in relation to the existence of an arbitration provision.
In Advance Tank & Construction Co. v. Gulf Coast Asphalt Co., 968 So.2d 520, 528 (Ala.2006), the party resisting arbitration argued that “‘the burden rests with the party desiring arbitration ... to make certain that the party against whom the arbitration clause may be enforced is aware of the arbitration provision.’ ” That argument, this Court held,
“would essentially require a special disclosure for an arbitration provision. ‘Courts may not, however, invalidate arbitration agreements under state laws applicable only to arbitration provisions .... Congress [has] precluded States from singling out arbitration provisions for suspect status, requiring instead that such provisions be placed
“upon the same footing as other contracts.” ’ Doctor’s Assocs., Inc. v. Casarotto, 517 U.S. 681, 687, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996) (quoting Scherk v. Alberto-Culver Co., 417 U.S. 506, 511, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974)). Additionally, this Court has generally recognized that there is no duty to expressly disclose the existence of an arbitration provision. See Anderson v. Ashby, 873 So.2d 168, 183 (Ala.2003); Johnnie’s Homes, Inc. v. Holt, 790 So.2d 956, 960 (Ala.2001). Thus, this argument is without merit.”
968 So.2d at 528-29.
The issue, thus, is whether PNC Bank, National Association, could give an online or electronic notice of any modification of the parties’ contractual agreement. The resolution of that issue is controlled by the contractual agreement of the parties.
The account agreement quoted in the main opinion states in its “AMENDMENT, WAVIER” provision that PNC Bank could give notice of a modification or amendment to the contract by posting the notice in its branches or “by such other method of notice as we may deem appropriate.” It appears that the “NOTICES” paragraph of the account agreement provides one such “other method”: PNC Bank could mail the notice.[10]
The written provisions of the contractual agreement thus explicitly designated two forms of notice of a modification or amendment: posting the notice in the branch and the “other method” of mailing it. PNC Bank and Sonja Moore-Dennis claim that PNC Bank had another “other method,” *1146 i.e., posting the notice of an amendment online.
At this point, I am not convinced that PNC Bank and Moore-Dennis demonstrated that an online notice was a proper “other method” of notice contemplated by the contractual agreement. My concern is this: can PNC Bank adopt another “other method” of notice without telling the consumer? [11] How would one know that this new “other method? existed and thus that notices that the contract was being amended even existed? In other words, did PNC Bank ever tell Tamara Franklin and Joseph A. Franklin that notices of amendments were being posted in a new method—online—that was an “other method” not explicitly listed in the written agreement? PNC Bank and Moore-Dennis appear to take the position that because the online-notice procedure existed, then it was a valid “other method.” I am not convinced that this was demonstrated in the trial court.

. That notice, by the terms of the account agreement, is effective whether or not Tamara Franklin or Joseph A. Franklin actually read it; it need only be mailed. I do not see an argument by Sonja Moore-Dennis and PNC Bank indicating that PNC Bank mailed a notice of the modification/amendment adding the arbitration provision or that such a notice was posted in a branch office.

. It is not clear if this method predated the account agreement and "signature card.”